OPINION
{¶ 1} This is an appeal from the trial court's April 26, 2005, dismissal of Appellant's post-conviction claims.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 1} On February 15, 2002, the Fairfield County Grand Jury indicted appellant, Anthony Pryor, on four counts of rape in violation of R.C. § 2907.02, four counts of complicity to commit rape in violation of § 2907.02 and R.C. § 2923.03, two counts of kidnapping in violation of R.C. § 2905.01 and one count of abduction in violation of R.C. § 2905.02.
 {¶ 2} Said charges arose from various incidents involving appellant's wife, Gloria Pryor, and her children, appellant's stepchildren, a girl, K.S., born May 31, 1991, and a boy, J.S., born June 30, 1992. Appellant was charged with raping K.S., forcing K.S. and J.S. to have sexual intercourse with each other and forcing J.S. to have sexual intercourse with his mother, Gloria, while her hands were handcuffed and her legs were strapped to the bed. It was also alleged that Appellant restrained K.S. to her bed at night with handcuffs.
 {¶ 3} A jury trial commenced on September 24, 2002. At the conclusion of the state's case-in-chief, appellant moved for a Crim.R. 29 acquittal on the two kidnapping counts and the one abduction count. The trial court granted the motion as to one of the kidnapping counts. The jury found appellant guilty of all remaining counts except for two of the four rape counts involving K.S. By judgment entry filed October 31, 2002, the trial court sentenced appellant to an aggregate term of three consecutive life sentences.
{¶ 3} Appellant filed a direct appeal of his conviction to this Court raising the following errors:
{¶ 4} "I. The trial court violated Mr. Pryor's right to due process and a fair trial when it overruled his motion to hire an expert to review the case to determine whether proper protocol had been followed in interviewing the complaining witnesses."
{¶ 5} "II. The trial court violated Anthony Pryor's rights to due process, confrontation, and a fair trial, and abused its discretion, when it permitted prejudicial testimony to be admitted over the objections of defense counsel."
{¶ 6} "III. The trial court abused its discretion, and denied Anthony Pryor the right to due process and a fair trial, when it refused to permit a witness to give an opinion concerning whether the complaining witnesses were coached."
{¶ 7} "IV. The trial court committed reversible error and violated Anthony Pryor's rights to due process, to confront his accusers, and a fair trial when it prohibited trial counsel from reviewing the complaining witness's statements."
{¶ 8} "V. The trial court violated Anthony Pryor's rights to due process and a fair trial when it entered a judgment of guilt against him, when that finding was against the manifest weight of the evidence."
{¶ 9} "VI. The trial court erred as a matter of law, and violated Mr. Pryor's right to due process, when it failed to inform him that he was subject to post-release control upon his release from prison."
{¶ 10} This Court affirmed the judgment of conviction but did remand the matter back to the trial court for re-sentencing on the sole issue of post-release control. See State v. Pryor
(February 2, 2004), Fairfield App. No. 02CA91, 2004-Ohio-609. Appellant also appealed to the Ohio Supreme Court which declined to grant jurisdiction. State v. Pryor, 102 Ohio St.3d 1472,2004-Ohio-2830.
{¶ 11} Appellant next filed a petition for post-conviction relief pursuant to R.C. 2953.21. In said petition, Appellant raised four grounds for relief asserting ineffective assistance of counsel.
{¶ 12} By Judgment Entry filed April 26, 2005, the trial court denied said petition.
{¶ 13} Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 14} "I. THE TRIAL COURT ERRED IN DISMISSING PETITIONER'S POSTCONVICTION CLAIMS ON THE GROUND THAT ALL OF THE CLAIMS ARE BARRED BY RES JUDICATA.
{¶ 15} "II. THE TRIAL COURT ERRED IN DISMISSING THE SUBSTANTIVE GROUNDS FOR RELIEF RAISED IN PETITIONER'S POSTCONVICTION PETITION WITHOUT ALLOWING PETITIONER TO PRESENT AT AN EVIDENTIARY HEARING THE EVIDENCE ACCOMPANYING THE PETITION."
 I.
{¶ 16} In his first assignment of error, Appellant argues that the trial court erred in dismissing his claims on the basis ofres judicata. We disagree.
{¶ 17} R.C. § 2953.21 governs petitions for postconviction relief and states in pertinent part:
{¶ 18} "(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
{¶ 19} * * *
{¶ 20} "(C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
{¶ 21} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v.Szefcyk (1996), 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus, approving and following State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. It is well-settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal."State v. Reynolds (1997), 79 Ohio St.3d 158, 161,679 N.E.2d 1131. Accordingly, "[t]o survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." State v. Nemchik (Mar. 8, 2000), Lorain App. No. 98CA007279, unreported, at 3; see, also, State v. Ferko
(Oct. 3, 2001), Summit App. No. 20608, unreported, at 5; Statev. Phillips, supra.
{¶ 22} Similarly, regarding claims of ineffective assistance of trial counsel in post conviction proceedings, the Ohio Supreme Court has stated that where a defendant, represented by different counsel on direct appeal, "fails to raise [in the direct appeal] the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for post conviction relief." State v. Cole
(1982), 2 Ohio St.3d 112, 443 N.E.2d 169, syllabus; see, also,Lentz, 70 Ohio St.3d at 530, 639 N.E.2d 784; State v.Phillips, supra.
{¶ 23} In State v. Phillips, supra, the court noted "[s]ignificantly, evidence outside the record alone will not guarantee the right to an evidentiary hearing. State v. Combs
(1994), 100 Ohio App.3d 90, 97, 652 N.E.2d 205. Such evidence "`must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of [State v. Perry
(1967), 10 Ohio St.2d 175] by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" (Citation omitted.) State v.Lawson (1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362. Thus, the evidence must not be merely cumulative of or alternative to evidence presented at trial. Combs, 100 Ohio App.3d at 98,652 N.E.2d 205".
{¶ 24} If a petition presents issues which could not have been raised at trial or upon direct appeal without resorting to evidence outside the record, res judicata does not bar review in a petition for post-conviction relief, State v. Lentz (1994),70 Ohio St.3d 527, 639 N.E.2d 784. A petition for post-conviction relief may raise a claim of ineffective assistance of the counsel if it is based upon facts outside the record, State v. Gibson
(1980), 69 Ohio App.2d 91, 430 N.E.2d 954.
{¶ 25} In the petition sub judice, Appellant raised the following four claims for relief asserting ineffective assistance of counsel:
{¶ 26} (1) the denial of his motion for appointment of an expert on interview protocol of children reporting sexual abuse;
{¶ 27} (2) trial counsel's decision not to call an expert witness to rebut one of the State's witnesses;
{¶ 28} (3) trial counsel's alleged failure to ensure that certain medical and psychological records were given to the court for an in camera inspection; and
{¶ 29} (4) trial counsel's decision not to object to the imposition of three consecutive life sentences.
{¶ 30} In this appeal, Appellant is challenging the trial court's denial of issues (1) through (3) on the grounds that such were barred by the doctrine of res judicata.
{¶ 31} As to the first claim, Appellant raised this exact claim in his direct appeal to this Court and again in his appeal to the Ohio Supreme Court. We therefore agree with the trial court in its determination that Appellant is barred by the doctrine ofres judicata from raising this issue again in his petition for post-conviction relief.
{¶ 32} Appellant also claims that his trial counsel was ineffective because he did not hire and present expert testimony to challenge the evidence given by the nurse practitioner who examined the victim. The trial court found this matter again was res judicata because this issue could have been raised on direct appeal. The trial court further found that Appellant presented nothing dehors the record that provided any basis why appellate counsel did not raise this issue on direct appeal. Upon review, this Court finds this issue to be barred by res judicata for the same reasons as those of the trial court.
{¶ 33} Appellant next alleges ineffective assistance of trial counsel for failure to ensure that certain medical and psychological records were delivered to the trial court for in camera review. Specifically, Appellant alleges that his trial counsel should have used psychological records and school documents to attack the credibility of the victim, J.S. In support of this claim, Appellant has submitted an affidavit of his trial counsel, which he argues is evidence dehors the record. Again, this Court finds, as did the trial court, that this issue is res judicata because it could have been raised on direct appeal as the issue of the records was present at the time of appeal.
{¶ 34} Appellant's first assignment of error is overruled.
 II.
{¶ 35} In his second assignment of error, Appellant argues that the trial court erred in not holding an evidentiary hearing on his petition. We disagree.
{¶ 36} Under R.C. § 2953.21, a petitioner seeking post conviction relief is not automatically entitled to an evidentiary hearing. State v. Calhoun (1999), 86 Ohio St.3d 279, 281,714 N.E.2d 905.
{¶ 37} Significantly, the Ohio Supreme Court has held that the proper basis for dismissing a petition for post conviction relief without holding an evidentiary hearing include: 1) the failure of the petitioner to set forth sufficient operative facts to establish substantive grounds for relief, and 2) the operation ofres judicata to bar the constitutional claims raised in the petition. Calhoun, supra; State v. Lentz (1994),70 Ohio St.3d 527, 530, 639 N.E.2d 784, State v. Scefcyk (1996),77 Ohio St.3d 93.
{¶ 38} As this Court has held supra that Appellant's claims were barred by the doctrine of res judicata, we find that the trial court did not err in not holding an evidentiary hearing on Appellant's petition.
{¶ 39} Appellant's second assignment of error is overruled.
{¶ 40} The decision of the Fairfield County Court of Common Pleas is affirmed.
Boggins, PJ., Gwin, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas, Fairfield County, Ohio, is affirmed. Costs assessed to Appellant.