DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Clayton Gopp, appeals from his sentencing in the Wayne County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On January 13, 2003, Appellant pled guilty to two counts of rape, in violation of R.C. 2907.02, felonies of the first degree. The trial court subsequently held a sentencing and sexual predator hearing. On March 18, 2003, Appellant was sentenced to a term of ten years incarceration on each count. The court ordered that Appellant serve these sentences consecutively. Appellant was also adjudicated a sexual predator and sentenced accordingly. Appellant timely appealed his sentence on April 14, 2003. Upon review, this Court reversed, in part, finding that the trial court had failed to expressly make a habitual offender determination. See State v. Gopp (Sept. 17, 2003), 9th Dist. No. 03CA0018. The trial court then entered an amended sentencing and sexual predator classification judgment entry. Appellant appealed from that decision. This Court dismissed Appellant's appeal, finding the appeal untimely.
 {¶ 3} On August 20, 2004, Appellant filed a petition to vacate or set aside his sentence, asserting that his sentence was void under Blakely v. Washington (2004), 542 U.S. 296, because the judge made additional findings to impose maximum, consecutive sentences. On September 16, 2004, the trial court denied Appellant's motion to vacate. On September 17, 2004, Appellant filed a motion for summary judgment, arguing that the State's response to his petition to vacate his sentence raised no genuine issue of material fact and that he was entitled to judgment on his petition. Thereafter, on September 28, 2004, Appellant filed a notice of invalid order and motion to comply with the law, asserting that the trial court failed to properly consider his constitutional attack on Ohio's sentencing laws. The trial court entered judgment on November 19, 2004, denying Appellant's motion to comply and finding that Appellant's twenty-year sentence was within the statutory sentencing range permitted by law. In addition, the trial court expressly held Blakely inapplicable to Appellant's sentence. Appellant appealed the trial court's order. This Court dismissed Appellant's appeal as untimely.
 {¶ 4} On April 17, 2006, Appellant filed a motion for re-sentencing, arguing that his sentences are void pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, because they were imposed under unconstitutional and void statutes. The trial court denied Appellant's motion on April 24, 2006. Appellant timely appealed the trial court's order, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S SUBSTANTIAL RIGHTS BY FAILING AND REFUSING TO ORDER APPELLANT (RE)SENTENCED AS THE SENTENCE PREVIOUSLY IMPOSED WAS IMPOSED PURSUANT TO A STATUTE THAT IS VOID FOR DEPRIVING APPELLANT OF HIS SIXTH AMENDMENT JURY-TRIAL AND FOURTEENTH AMENDMENT DUE PROCESS RIGHTS, AND IS THEREFORE VOID ITSELF, CAUSING [APPELLANT] TO BE IMPRISONED WITHOUT A VALID PRISON SENTENCE."
 {¶ 5} In Appellant's sole assignment of error he contends that the trial court erred by failing to re-sentence him as his sentence was imposed pursuant to an unconstitutional statute. We disagree.
 {¶ 6} Because Appellant asserted constitutional violations in his motion, which was filed subsequent to his direct appeal, we construe the motion as a petition for post-conviction relief as provided in R.C. 2953.21, per State v. Reynolds (1997),79 Ohio St.3d 158, syllabus. As such, the procedural requirements of this statute apply to this case. See Reynolds, 79 Ohio St.3d at 161.
 {¶ 7} In Reynolds, the Ohio Supreme Court held that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." Id. at 158. Appellant filed a direct appeal on April 14, 2003. Accordingly, Appellant was required to comply with R.C. 2953.21(A)(2). Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. See App.R. 3(A) 4(A). A trial court is not to entertain a motion that is filed after the timeframe set forth in R.C.2953.21(A)(2). R.C. 2953.23(A).
 {¶ 8} Appellant's motion was filed on May 14, 2006 — nearly three years after the expiration of the time to file an appeal — and was therefore, clearly untimely. R.C. 2953.23(A) provides certain factors that, if present, would except a petition from the prescribed filing time. Pursuant to R.C. 2953.23(A)(1), a court has no jurisdiction to hear an untimely filed petition for post-conviction relief unless both of the following apply:
"(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 9} Appellant contends that, under the grounds enunciated in Foster, his sentence is now void as it was imposed pursuant to a statute that is unconstitutional. In Foster, the Court found that R.C. 2929.14(B), 2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code violated the Sixth Amendment, pursuant to Blakely, supra, and Apprendi v.New Jersey (2000), 530 U.S. 466, to the extent that they required judicial factfinding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster
Court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. The Court held that the cases before the Court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the Court's opinion. Id. at ¶ 104. Consistent with the United States Supreme Court's holding in United Statesv. Booker (2005), 543 U.S. 220, the Foster Court only applied its holding retroactively to cases pending on direct review. Id. at ¶ 106.
 {¶ 10} As stated herein, in Booker, supra, the United States Supreme Court limited its holdings in Blakely andApprendi to cases on direct review. Similarly, in Foster, the Ohio Supreme Court restricted retroactive application of its holding to cases on direct review. Appellant's case is before us on appeal from a denial of his petition for post-conviction relief, not from direct appeal. As such, Appellant has failed to meet his burden under R.C. 2953.23(A)(1) to file a timely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See State v.Kelly, 6th Dist. No. L-05-1237, 2006-Ohio-1399, at ¶ 12. Although the trial court did not specify its reasons for denying Appellant's petition, we find that the trial court's denial is proper because the court was not statutorily authorized to entertain the petition because of its untimeliness. See R.C.2953.23(A). See, also, Christian Medicine v. Sobotka (Mar. 12, 1997), 9th Dist. No. 96CA006482, at *2. Appellant's sole assignment of error is therefore overruled.
 III. {¶ 11} Appellant's sole assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Boyle, J. concur.