OPINION
{¶ 1} Appellant Anthony Pryor appeals from the decision of the Fairfield County Court of Common Pleas, which denied his subsequent petition for postconviction relief.
 {¶ 2} On February 15, 2002, the Fairfield County Grand Jury indicted appellant on four counts of rape, four counts of complicity to commit rape, two counts of kidnapping, and one count of abduction.
 {¶ 3} A jury trial began on September 24, 2002. At the conclusion of the State's case-in-chief, appellant moved for a Crim. R. 29 acquittal on the two kidnapping counts and the one abduction count. The trial court granted the motion as to one of the kidnapping counts. The jury found appellant guilty of all remaining counts except for two of the four rape counts involving the victim K.S. By judgment entry filed October 31, 2002, the trial court sentenced appellant to an aggregate term of three consecutive life sentences.
 {¶ 4} Appellant filed a direct appeal of his conviction to this Court raising six assigned errors on issues of due process, fair trial, right to confront witnesses, and manifest weight.
 {¶ 5} This Court affirmed the judgment of conviction but remanded the matter to the trial court for re-sentencing on the sole issue of post-release control. See State v. Pryor (February 2, 2004), Fairfield App. No. 02CA91, 2004-Ohio-609. Appellant thereafter appealed to the Ohio Supreme Court, which declined to grant jurisdiction. See State v.Pryor, 102 Ohio St.3d 1472, 2004-Ohio-2830.
 {¶ 6} Appellant next filed in the trial court a petition for post-conviction relief pursuant to R.C. 2953.21, raising four grounds for relief based on ineffective assistance of counsel. By judgment entry filed April 26, 2005, the trial court denied said petition. Appellant filed an appeal therefrom, but we affirmed the dismissal of the petition on December 7, 2005. See State v. Pryor, Fairfield App. No. 05-CA-52,2005-Ohio-6656. On April 26, 2006, the Ohio Supreme Court declined to accept the appeal appellant filed from our decision. See State v.Pryor, 109 Ohio St.3d 1425, 846 N.E.2d 534, 2006-Ohio-1967.
 {¶ 7} Appellant then filed another postconviction petition, captioned as a "Petition to Vacate and Set Aside Sentence," on April 4, 2006. The trial court denied same on May 10, 2006. Appellant timely filed a notice of appeal.
 {¶ 8} Appellant herein raises the following two Assignments of Error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN AN 'ABUSE OF DISCRETION' AND SHOWED BIAS AND PREJUDICE AGAINST DEFENDANT-APPELLANT, ANTHONY C. PRYOR, WHEN JUDGE CHRIS A. MARTIN PLAYED THE PART OF PROSECUTOR AND JUDGE AND OVERRULED MR. PRYOR'S PETITION TO VACATE AND SET ASIDE SENTENCE AND MOTION FOR SUMMARY JUDGMENT, WHEN PLAINTIFF-APPELLEE FAILED TO RESPOND OR DEFEND TO EITHER MOTION FILED.
 {¶ 10} "II. THE TRIAL COURT ERRED IN AN 'ABUSE OF DISCRETION' WHEN JUDGE CHRIS A. MARTIN FAILED TO RECOGNIZE THAT FOSTER DOES APPLY TO DEFENDANT-APPELLANT AND THAT THE STATUTES WERE DEEMED UNCONSTITUTIONAL BY FOSTER AND SEVERED AND EXCISED IN THEIR ENTIRETY.
 I., II. {¶ 11} In his First and Second Assignments of Error, appellant contends the trial court erred in denying his Foster-based petition for postconviction relief. We disagree.
 {¶ 12} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, as a means of remedying Ohio's felony sentencing statutes, the Ohio Supreme Court severed the Blakely-offending portions of said statutes that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at ¶ 97. The Court concluded " * * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 13} Nonetheless, in Foster, the Court restricted retroactive application of its holding to cases on direct review. State v.Gopp, Wayne App. No. 06CA0034, 2006-Ohio-5477, ¶ 10. Where an appellant's case is an appeal from a denial of a petition for post-conviction relief, it is not before the appellate court on a direct appeal. Id.Foster is thus inapplicable where the case is postured before an appellate court as an appeal from a denial of a petition for postconviction relief. See State v. Williams, Franklin App. No. 05AP-339,2006-Ohio-2197, ¶ 28, citing State v. Myers, Franklin App. No. 05AP-228,2005-Ohio-5998, ¶ 38.
 {¶ 14} Accordingly, we find no reversible error in the trial court's denial of appellant's postconviction petition, regardless of the State's decision not to file a responsive pleading before the trial court. Appellant's First and Second Assignments of Error are overruled.
 {¶ 15} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
By: Wise, P. J. Edwards, J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.