OPINION *Page 2 
{¶ 1} Defendant-appellant Anthony Pryor appeals from the March 19, 2007, Journal Entry of the Fairfield County Court of Common Pleas overruling his Motion to Waive Court Costs. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 15, 2002, the Fairfield County Grand Jury indicted appellant on four counts of rape in violation of R.C. 2907.02, four counts of complicity to commit rape in violation of 2907.02 and R.C.2923.03, two counts of kidnapping in violation of R.C. 2905.01, and one count of abduction in violation of R.C. 2905.02. The charges arose from various incidents involving appellant's wife, Gloria Pryor, and her children, appellant's stepchildren, a girl, K.S., born May 31, 1991, and a boy, J.S., born June 30, 1992.
 {¶ 3} Subsequently, a jury trial commenced on September 24, 2002. At the conclusion of the state's case-in-chief, appellant moved for a Crim.R. 29 acquittal on the two kidnapping counts and the one abduction count. After the trial court granted the motion as to one of the kidnapping counts, the jury found appellant guilty of all of the remaining counts except for two of the four rape counts involving K.S. Pursuant to a Judgment Entry filed on November 6, 2002, the trial court sentenced appellant to an aggregate term of three life sentences. The trial court, in its entry, ordered appellant to pay court costs.
 {¶ 4} Appellant then appealed his conviction and sentence. Pursuant to an Opinion filed in State v. Pryor, Fairfield App. No. 02CA91, 2004-Ohio-609, this Court affirmed appellant's conviction, but remanded the matter for resentencing on the issue *Page 3 
of post-release control. Appellant also appealed to the Ohio Supreme Court, which declined to grant jurisdiction. See State v. Pryor,102 Ohio St.3d 1472, 2004-Ohio-2830, 809 N.E.2d 1159.
 {¶ 5} Appellant then filed a petition for post-conviction relief pursuant to R.C. 2953.21. As memorialized in a Judgment Entry filed April 26, 2005, the trial court denied such petition. Appellant then appealed. Pursuant to an Opinion filed in State v. Pryor, Fairfield App. No. 05-CA-52, 2005-Ohio-6656, this Court affirmed the judgment of the trial court. On April 26, 2006, the Ohio Supreme Court declined to accept the appeal appellant filed from our decision. See State v.Pryor, 109 Ohio St.3d 1425, 2006-Ohio-1967, 846 N.E.2d 534.
 {¶ 6} On April 4, 2006, appellant then filed another post-conviction petition, captioned as a "Petition to Vacate and Set Aside Sentence." After the trial court denied the same on May 10, 2006, appellant timely filed a notice of appeal. Pursuant to an Opinion filed in State v.Pryor, Fairfield App. No. 06 CA 28, 2006-Ohio-6724, this Court affirmed the judgment of the trial court.
 {¶ 7} Thereafter, on February 21, 2007, appellant filed a Motion to Waive Court Costs along with an affidavit of indigency. As memorialized in a Journal Entry filed on March 19, 2007, the trial court overruled appellant's motion.
 {¶ 8} Appellant now raises the following assignment of error on appeal:
 {¶ 9} "THE TRIAL COURT PERFORMED AN ABUSE OF DISCRETION WHEN IT FAILED TO WAIVE COURT COSTS WHERE THE DEFENDANT FILED AN UNCONTESTED AFFIDAVIT OF INDIGENCY." *Page 4 
 I {¶ 10} Appellant, in his sole assignment of error, argues that the trial court erred in overruling his Motion to Waive Court Costs due to appellant's indigency.
 {¶ 11} The Supreme Court of Ohio recently reviewed the issue of court costs in State v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905,843 N.E.2d 164. The Ohio Supreme Court, in Threatt, specifically held as follows in paragraph two of the syllabus: "A motion by an indigent criminal defendant for waiver of payment of costs must be made at the time of sentencing." The Ohio Supreme Court, in Threatt, further stated, in relevant part, as follows: "Costs must be assessed against all defendants. R.C. 2947.23; White, 103 Ohio St.3d 580, 817 N.E.2d 393, at ¶ 8. However, we also held in White that a judge has discretion to waive costs assessed against an indigent defendant. Id. at ¶ 14. Costs are assessed at sentencing and must be included in the sentencing entry. R.C. 2947.23. Therefore, an indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata." Id at paragraph 23.
 {¶ 12} In the case sub judice, the trial court imposed court costs in its November 6, 2002, Judgment Entry. Appellant did not file his motion to Vacate Court Costs until February 21, 2007. Based upon the holding inThreatt, appellant "failed to timely seek a waiver of the costs at sentencing and therefore has also waived any right to appeal the costs."Threatt at paragraph 25.
 {¶ 13} Appellant's sole assignment of error is, therefore, overruled. *Page 5 
 {¶ 14} Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed.
 Edwards, J., Gwin, P.J., and Hoffman, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1