OPINION *Page 2 
{¶ 1} Defendant-Appellant, Scott Brumbaugh, appeals from the judgment of conviction and sentence entered after Appellant entered a guilty plea and was found guilty of one count of Rape, in violation of R.C. 2907.02, a felony of the first degree, one count of Child Endangering, in violation of R.C. 2911.22, a felony of the fourth degree and one count of Attempted Tampering with Evidence, in violation of R.C. 2923.02(A) and 2921.12, a felony of the fourth degree. Appellant was sentenced to nine years on the rape count, twelve months on the child endangering charge, and twelve months on the attempted tampering with evidence charge. The child endangering sentence was concurrent with the rape sentence, and the attempted tampering with evidence sentence was consecutive to the rape sentence for a total prison term of ten years.
 {¶ 2} A timely Notice of Appeal was filed on March 1, 2007. On May 1, 2007, counsel for Appellant filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth the following proposed Assignments of Errors:
 I. {¶ 3} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN ACCEPTING THE GUILTY PLEA OF THE DEFENDANT-APPELLANT.
 II. {¶ 4} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT."
 {¶ 5} Appellant also filed a pro se brief raising one Assignment of Error as follows: *Page 3 
 I. {¶ 6} "RETROSPECTIVE (SIC) APPLICATION OF THE HOLDING OF STATE v.FOSTER, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 VIOLATED THE DUE PROCESS PROTECTIONS OF THE FIFTH AND FOURTEENTH AMENDMENTS AND THE EX POST FACTO CLAUSE OF ARTICLE I, SECTION 10 OF THE UNITED STATES CONSTITUTION. (JUDGMENT ENTRY, 2/1/07)."
 {¶ 7} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that his client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 8} Counsel for Appellant filed a Notice and Certification of Compliance with Court Order verifying he served Appellant with a copy of the proposed Assignments of Error and notice of his right to file his own brief. Appellant was sent this notice on May 17, 2007, however, he has filed a pro se brief raising an additional assignment of error. *Page 4 
 {¶ 9} Appellant was originally indicted with a life specification accompanying the rape count. He also was indicted on one count of Gross Sexual Imposition, one count of Tampering with Evidence, and one count of Child Endangering. As a result of plea negotiations, the life specification was dismissed as was the count of gross sexual imposition. The tampering with evidence charge was reduced to an attempted tampering with evidence charge.
 {¶ 10} The State charged Appellant with Rape for the digital penetration of the five-year-old daughter of his live-in girlfriend. Additionally, one count of child endangering stemmed from the same facts as the rape charge. When Appellant was confronted with the rape allegations, he was advised his girlfriend was going to take her daughter to the hospital for an examination. Appellant, knowing authorities would be investigating the allegations, planted a vibrator in the child's bed, thereby providing an explanation for her injuries which was intended to exonerate him. Unbeknownst to Appellant, the child's bed had already been examined by authorities with no vibrator being found. These facts formed the basis of the attempted tampering with evidence charge.
 {¶ 11} We now turn to Appellant's potential Assignments of Error.
 I. {¶ 12} Crim.R.11 sets forth the procedure which a trial court must follow in accepting a guilty plea. Crim.R.11(C)(2) states, in pertinent part, as follows:
 {¶ 13} "In felony cases, the court may refuse to accept a plea of guilty * * * and shall not accept such plea without first addressing the defendant personally and:
 {¶ 14} "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation. *Page 5 
 {¶ 15} "(b) Informing him of and determining that he understands the effect of his plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 16} "(c) Informing him and determining that he understands that, by his plea, he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the State to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 {¶ 17} If the record indicates that the trial court substantially complied with the above requirements of Crim.R. 11, the plea will not be set aside. State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115. We have reviewed the colloquy between the trial court and Appellant at the change of plea hearing. The trial court properly addressed Appellant and advised him of his constitutional rights, the contents of the negotiated plea agreement, the maximum penalty, the fact a prison sentence would be imposed and further determined Appellant had been advised of these items by his attorney as well. Appellant did state he has a learning disability; however, he was able to go to school through the twelfth grade and is literate.
 {¶ 18} At the conclusion of the hearing, the trial court made a finding Appellant had entered his plea knowingly, intelligently, and voluntarily with the advice of counsel. Appellant avoided a life sentence by entering this plea, and it appears from the record, Appellant fully understood the ramifications of entering his plea. Additionally, this is also evidenced by Appellant's execution of a written plea form.
 {¶ 19} Accordingly, Appellant's proposed first Assignment of Error is hereby overruled.
 II. {¶ 20} Appellant next argues the sentence imposed was improper. *Page 6 
 {¶ 21} An individual has no substantive right to a particular sentence within the range authorized by statute. Gardner v. Florida (1977),430 U.S. 349, 358, 97 S.Ct. 1197, 1204-1205.
 {¶ 22} We will not reverse the trial court's sentencing decisions absent an abuse of discretion. State v. Kandel, 5th Dist. No. 04COA011,2004-Ohio-6987 at ¶ 7. We note that an abuse of discretion is more than an error of law or judgment; it implies that the lower court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994),71 Ohio St.3d 466, 470, 644 N.E.2d 331; State v. Moreland (1990),50 Ohio St.3d 58, 61, 552 N.E.2d 894; State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144.
 {¶ 23} The rape count, which was a felony of the first degree, carried a possibility of three to ten years in prison. R.C. 2929.14(A)(1). A nine-year sentence was selected by the trial court on this count, which was within the available range. The remaining two counts were felonies of the fourth degree carrying a potential penalty of six to eighteen months on each count. R.C. 2929.14(A)(4). The trial court judge imposed twelve months on each count, which was within the available range. According to the negotiated plea agreement, one of the counts was to be served concurrently, and the other was to be served consecutive to the rape count. The trial court followed the plea agreement when imposing the sentences for the child endangering and attempted tampering with evidence counts.
 {¶ 24} We find the trial court selected sentences within the range provided by statute and followed the negotiated plea agreement. *Page 7 
 {¶ 25} Accordingly, Appellant's proposed second Assignment of Error is hereby overruled. We now turn to Appellant's pro se Assignment of Error
 I. {¶ 26} Appellant avers the trial court violated the ex post facto clause of the United States and Ohio Constitutions by imposing a sentence greater than the minimum.
 {¶ 27} Appellant argues that a retroactive application of State v.Foster (2006), 109 Ohio St.3d 1 was improper. The Supreme Court announced its decision in Foster on February 12, 2006. Appellant did not commit the offenses which are the subject of this appeal until March 20, 2006, therefore, any application of Foster could not have been retroactive and would not violate ex post facto rules.
 {¶ 28} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, as a means of remedying Ohio's felony sentencing statutes, the Ohio Supreme Court severed the Blakely-offending portions of said statutes that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at ¶ 97. The Court concluded "* * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 29} The Supreme Court restricted retroactive application of its holding to cases on direct review. State v. Gopp, Wayne App. No. 06CA0034, 2006-Ohio-5477, ¶ 10. *Page 8 
 {¶ 30} Retroactive changes in the measure of punishment are impermissibly ex post facto if they subject a defendant to a more severe sentence than was available at the time of the offense. See Lindsey v.Washington (1937), 301 U.S. 397, 401, 57 S.Ct. 797, 81 L.Ed. 1182;State v. Walls, 96 Ohio St.2d at 447, 2002-Ohio-5059 at ¶ 29,775 N.E.2d at 841. Quite simply, Foster was the law when this offense was committed, therefore, Appellant did not receive a more severe sentence due to the application of Foster.
 {¶ 31} After Foster, a trial court is permitted to impose a sentence within the range provided by statute without making any special findings. As discussed in the second Assignment of Error, the trial court did in fact impose a sentence within the applicable sentencing range.
 {¶ 32} Appellant's sole pro se Assignment of Error is, therefore, overruled.
 {¶ 33} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
 {¶ 34} The judgment of the Licking County Court of Common Pleas, General Division, is affirmed.
 Gwin, P.J. Hoffman, J. and Wise, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, General Division, is affirmed.
Attorney Devon C. Harmon's motion to withdraw as counsel for Appellant is hereby denied.
 COSTS TAXED TO APPELLANT. *Page 1