OPINION *Page 2 
{¶ 1} Defendant-Appellant Monty S. Hare appeals the decision of the Delaware County Court of Common Pleas denying his motion for writ of coram vobis.[1]
 STATEMENT OF THE CASE[2] {¶ 2} Appellant was convicted on two counts of kidnapping, and one count each of domestic violence, theft, receiving stolen property, burglary, aggravated menacing, and abduction. Appellant filed a notice of appeal with this court. While his direct appeal was pending, Appellant also filed with the trial court a petition for post-conviction relief.
 {¶ 3} On July 27, 2006, this court announced its opinion in Appellant's direct appeal, State v. Hare, 5th Dist. No. 05CAA06038,2006-Ohio-3926. In that opinion, we affirmed Appellant's convictions, but reversed his sentence, citing State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. We remanded the matter to the trial court for re-sentencing.
 {¶ 4} Appellant was re-sentenced by the trial court on August 14, 2006. As memorialized by the judgment entry filed on August 15, 2006, Appellant was sentenced to a total of twelve years in prison. The trial court also found Appellant was able to work and ordered Appellant to pay "all prosecution costs, court-appointment counsel costs and any fees permitted pursuant to R.C. 2929.18(A)(4), for which, all sums judgment is hereby rendered." Judgment Entry, August 15, 2006. *Page 3 
 {¶ 5} The trial court also denied Appellant's petition for post-conviction relief. On October 20, 2006, the trial court made findings of fact and conclusions of law, finding Appellant's petition was barred by the principles of res judicata because this court had already ruled on the issues Appellant raised.
 {¶ 6} Appellant filed an affidavit of indigency with the trial court on November 20, 2006. Appellant filed an appeal of the trial court's decision to deny his petition for post-conviction relief. We affirmed the trial court's decision in State v. Hare, 5th Dist. No. 06-CAA-11-0088, 2007-Ohio-2802.
 {¶ 7} On January 4, 2008, Appellant filed a motion for writ of coram vobis with the trial court to prohibit the Clerk of Courts from assessing or collecting court costs in his underlying criminal case (Case No. 05CR-I-01-0047) and the appeal of the denial of his petition for post-conviction relief (Case No. 06-CAA-11-0088). The trial court denied his motion, finding the trial court was permitted to assess costs and the Clerk of Courts could attempt to collect those costs from an indigent defendant. Judgment Entry, Jan. 22, 2008.
 {¶ 8} Appellant filed a notice of appeal of the decision and affidavit of indigency on February 28, 2008. This court dismissed Appellant's appeal on March 18, 2008 for being untimely filed. Appellant filed a motion for leave to file a delayed appeal. We granted Appellant's motion on April 18, 2008 and set the matter on the accelerated calendar pursuant to App. R. 11.1. App. R. 11.1 states in pertinent part: "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in *Page 4 
brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 9} Appellant raises one Assignment of Error:
 {¶ 10} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT DUE PROCESS AND EQUAL PROTECTION UNDER THE LAWS, BY CHARGING AN INDIGENT DEFENDANT COURT COSTS."
 I. {¶ 11} Appellant argues the trial court erred when it denied Appellant's motion for writ of coram vobis. He states that the trial court violated his due process and equal protection rights when the trial court accepted his affidavit of indigency, but then allowed the Clerk of Courts to collect fees and/or court costs from Appellant in regards to his underlying criminal case and his appeal of the denial of his petition for post-conviction relief.
 {¶ 12} The Ohio Supreme Court has previously examined the issue of court costs and the indigent defendant in State v. Threatt,108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164. In Threatt, the Court held as follows: "A motion by an indigent criminal defendant for waiver of payment of costs must be made at the time of sentencing." Id. at paragraph two of syllabus. The Court further stated, "[c]osts must be assessed against all defendants. R.C. 2947.23; White,103 Ohio St.3d 580, 817 N.E.2d 393, at ¶ 8. However, we also held in White that a judge has discretion to waive costs assessed against an indigent defendant. Id. at ¶ 14. Costs are assessed at sentencing and must be included in the sentencing entry. R.C. 2947.23. Therefore, an indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the *Page 5 
defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata." Id. at paragraph 23.
 {¶ 13} In the case sub judice, the trial court imposed court costs in its August 15, 2006 Judgment Entry. Appellant did not file his motion for writ of coram vobis requesting the trial court to waive court costs until January 4, 2008. Based upon the holding in Threatt, Appellant "failed to timely seek a waiver of the costs at sentencing and therefore has also waived any right to appeal the costs." Threatt at paragraph 25; See also State v. Pryor, 5th Dist No. 07 CA 25, 2007-Ohio-4427.
 {¶ 14} Accordingly, Appellant's sole Assignment of Error is overruled.
 {¶ 15} The judgment of the Delaware County Court of Common Pleas is affirmed.
 Delaney, J. Farmer, P.J. and Wise, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is AFFIRMED. Costs assessed to appellant.
[1] "Coram vobis" or "coram nobis" is a "writ of error directed to a court for review of its own judgment and predicated upon alleged errors of fact." See Black's Law Dictionary (8th Ed. 2004). It has been held that the common-law writs of coram vobis are not part of Ohio law. Perotti v. Stine, 113 Ohio St.3d 312, 2007-Ohio-1957 at ¶ 7,865 N.E.2d 50; State v. Perry (1967), 10 Ohio St.2d 175, 180,39 O.O.2d 189, 226 N.E.2d 104 (writs of coram nobis or coram vobis are "no part of the law of Ohio"); Rowland v. Finkel 1987), 33 Ohio App.3d 77, 78-79,514 N.E.2d 949.
[2] We find a statement of the facts to be unnecessary for the disposition of this appeal. *Page 1