[Cite as *State v. Gopp*, 2011-Ohio-1530.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE )

STATE OF OHIO

    Appellee

v.

CLAYTON G. GOPP

    Appellant

C.A. No.     10CA0023

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    02-CR-0198

DECISION AND JOURNAL ENTRY

Dated: March 31, 2011

---

BELFANCE, Presiding Judge.

{¶1}    Defendant-Appellant Clayton Gopp appeals the judgment of the Wayne County Court of Common Pleas.  For the reasons set forth below, we affirm in part, and vacate in part.

I.

{¶2}    This Court summarized much of the history of this case in a prior appeal:

"On January 13, 2003, Appellant pled guilty to two counts of rape, in violation of R.C. 2907.02, felonies of the first degree.  The trial court subsequently held a sentencing and sexual predator hearing.  On March 18, 2003, Appellant was sentenced to a term of ten years incarceration on each count.  The court ordered that Appellant serve these sentences consecutively.  Appellant was also adjudicated a sexual predator and sentenced accordingly.  Appellant timely appealed his sentence on April 14, 2003.  Upon review, this Court reversed, in part, finding that the trial court had failed to expressly make a habitual offender determination.  See *State v. Gopp* (Sept. 17, 2003), 9th Dist. No. 03CA0018[, 2003-Ohio-4908, at ¶25].  The trial court then entered an amended sentencing and sexual predator classification judgment entry.  Appellant appealed from that decision.  This Court dismissed Appellant's appeal, finding the appeal untimely.

"On August 20, 2004, Appellant filed a petition to vacate or set aside his sentence, asserting that his sentence was void under *Blakely v. Washington* (2004), 542 U.S. 296, because the judge made additional findings to impose maximum, consecutive sentences. On September 16, 2004, the trial court denied

Appellant's motion to vacate. On September 17, 2004, Appellant filed a motion for summary judgment, arguing that the State's response to his petition to vacate his sentence raised no genuine issue of material fact and that he was entitled to judgment on his petition. Thereafter, on September 28, 2004, Appellant filed a notice of invalid order and motion to comply with the law, asserting that the trial court failed to properly consider his constitutional attack on Ohio's sentencing laws. The trial court entered judgment on November 19, 2004, denying Appellant's motion to comply and finding that Appellant's twenty-year sentence was within the statutory sentencing range permitted by law. In addition, the trial court expressly held *Blakely* inapplicable to Appellant's sentence. Appellant appealed the trial court's order. This Court dismissed Appellant's appeal as untimely.

"On April 17, 2006, Appellant filed a motion for re-sentencing, arguing that his sentences are void pursuant to *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, because they were imposed under unconstitutional and void statutes." *State v. Gopp*, 9th Dist. No. 06CA0034, 2006-Ohio-5477, at ¶¶2-4.

This Court construed Mr. Gopp's motion as a petition for post-conviction relief and concluded that the trial court did not err in denying it. Id. at ¶¶6, 10. Mr. Gopp appealed our decision to the Supreme Court of Ohio and the Supreme Court declined jurisdiction. *State v. Gopp*, 113 Ohio St.3d 1415, 2007-Ohio-1036.

{¶3} Thereafter, in 2009, Mr. Gopp filed a motion for resentencing alleging that the trial court's amended sentencing and sexual predator classification entry was void as the trial court never made the required findings concerning habitual sexual offender status at a hearing and because the trial court failed to provide notification under R.C. 2929.19(B)(3)(f). The trial court denied Mr. Gopp's motion. Mr. Gopp then filed a petition for a writ of mandamus/procedendo in this Court based upon similar arguments. The trial court then, sua sponte, reconsidered Mr. Gopp's motion for a new sentencing hearing and granted it. Mr. Gopp filed a motion to dismiss alleging that due to the delay in imposing a valid sentence, the trial court lacked jurisdiction to impose any sentence.

**{¶4}** On April 10, 2010, the trial court held a resentencing hearing, imposing the same sentence and notifying Mr. Gopp of his post-release control obligations. At the hearing, Mr. Gopp asserted that his due process rights were violated due to the delay in imposing sentence. In addition, Mr. Gopp alleged that his due process rights were violated as he was not present for the amended sentencing hearing in 2003 and that he could not be convicted of both counts of rape as they were "carbon copy" charges. The court did not sustain Mr. Gopp's arguments.

**{¶5}** Mr. Gopp has appealed pro se from his resentencing entry and asserts six assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

"The Trial Court failed and refused to render a final appealable order; was divested of jurisdiction to resentence the Appellant even prior to having rendered the void judgment below; and is incompetent to a 'judgment or final order' in the Appellant's Case."

### ASSIGNMENT OF ERROR II

"The Trial Court erred to the prejudice of the Appellant's due process rights by summarily overruling the written motion to dismiss based upon the Trial Court's repeated refusal and failure to render a valid judgment and final appealable order, without first satisfying its clear legal duty to test its jurisdiction; by failing to conduct a de novo sentencing hearing; and by depriving the Appellant of his right to meaningful allocution."

### ASSIGNMENT OF ERROR III

"The Trial Court erred to the prejudice of the Appellant's substantial due process rights by declaring moot its admitted infringement of the Appellant's substantial and procedural due process rights, when such declaration was based upon the Trial Court's invalid perception of new enactment's retrospective validation of void judgment and void judicial acts; and by failing to resentence Appellant under law in effect at the time his crime was committed, in a De Novo hearing."

### ASSIGNMENT OF ERROR IV

"The Trial Court erred to the prejudice of the Appellant's substantial due process rights in a manner that not only unreasonably applied Federal Constitutional law,

but completely ignored it, when the Trial Court refused to dismiss count 2 as an admitted 'carbon copy' charge[] violating Appellant's substantial due process rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution."

## ASSIGNMENT OF ERROR V

"The Trial Court erred to the prejudice of the Appellant's substantial and procedural due process rights by imposing maximum and consecutive sentences upon the Appellant's guilty plea, when such sentences are unreasonable under the facts and evidence of the case; and when such consecutive sentences are contrary to law, having been imposed in the complete absence of any statutory authority, and thus, without jurisdiction."

## ASSIGNMENT OF ERROR VI

"The sexual predator classification is not supported by clear and convincing evidence, and based upon an unlawful presumption that shifted the burden to the Appellant."

{¶6} We begin by noting that Mr. Gopp is appealing following a resentencing conducted due to an error in post-release control notification.

{¶7} Recently, the Supreme Court of Ohio decided *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Supreme Court held that "[a] sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." Id. at paragraph one of the syllabus. However, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus.

{¶8} The Supreme Court further held that "[t]he new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control[,]" and "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." Id. at paragraphs two and four of the syllabus.

{¶9}     Thus, despite Mr. Gopp's arguments to the contrary, Mr. Gopp was not entitled to a de novo sentencing hearing.  See, also, *State v. Johnson*, 9th Dist. No. 25104, 2011-Ohio-436, at ¶11, citing *Fischer* at ¶¶28-29, 36.  Further, this Court concludes that "[t]o the extent the trial court conducted a de novo sentencing hearing and reissued a sentence to [Mr. Gopp], its judgment in that respect is vacated." *State v. Woods*, 9th Dist. No. 25236, 2011-Ohio-562, at ¶10.  In addition, we note that the lawful portions of Mr. Gopp's prior sentencing entry remain valid.  See *Fischer* at paragraph three of the syllabus; see, also, *State v. Ward*, 9th Dist. No. 25324, 2011-Ohio-1211, at ¶9.  Mr. Gopp does not assert on appeal that the trial court erroneously imposed post-release control.  Accordingly, we affirm that portion of the sentencing entry that imposed a mandatory five-year period of post-release control upon Mr. Gopp at the resentencing hearing.  See R.C. 2967.28(B)(1); *Woods* at ¶10.

{¶10}   Mr. Gopp's remaining assignments of error either address issues outside the scope of the resentencing hearing or raise issues that are barred by res judicata.  See *Fischer* at paragraphs two through four of the syllabus.  Accordingly, we overrule Mr. Gopp's assignments of error.

III.

{¶11}   In light of the foregoing, we overrule Mr. Gopp's assignments of error; however, to the extent the trial court conducted a de novo sentencing hearing and reissued a sentence to Mr. Gopp its judgment in that respect is vacated.  The lawful portions of Mr. Gopp's prior sentencing entry remain valid.  The trial court's imposition of a mandatory five-year period of post-release control to Mr. Gopp's sentence is affirmed.

Judgment affirmed in part,
and vacated in part.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR

APPEARANCES:

CLAYTON GOPP, pro se, Appellant.

MARTIN FRANTZ, Prosecuting Attorney, and LATECIA E. WILES, Assistant Prosecuting Attorney, for Appellee.