[Cite as *State v. Gopp*, 2016-Ohio-5088.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 15AP0046 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| CLAYTON GOPP | COURT OF COMMON PLEAS |
| | COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 02-CR-0198 |

DECISION AND JOURNAL ENTRY

Dated: July 25, 2016

HENSAL, Judge.

{¶1} Defendant-Appellant, Clayton Gopp, appeals from a judgment of the Wayne County Court of Common Pleas, denying his motion to vacate his sentence for rape. For the following reasons, this Court affirms.

I.

{¶2} This matter has a lengthy procedural history, the details of which are set forth in this Court's prior decision in *State v. Gopp*, 9th Dist. Wayne No. 10CA0023, 2011-Ohio-1530. By way of summary, Clayton Gopp was indicted on two counts of rape and two counts of sexual battery in 2002. Mr. Gopp pleaded guilty to the two counts of rape, and the State dismissed the counts for sexual battery. Mr. Gopp was adjudicated a sexual predator, and the trial court sentenced him to two ten-year sentences to run consecutively.

{¶3} Mr. Gopp filed a direct appeal, as well as several subsequent appeals, the details of which are not relevant to the issues presently before this Court. Relevant to this appeal, in

2015, Mr. Gopp filed a "Motion to Vacate the Illegal and Void Guilty Pleas, Sentence and Judgment." In his motion, Mr. Gopp argued that his sentence is illegal and void because the trial court failed to inform him that his sentences were "mandatory" as required under Revised Code Section 2929.13(F)(2). He also argued that his plea of guilty was illegal and void for the same reason, and because he was not informed that his sentence was not subject to reduction. The trial court summarily denied his motion, and Mr. Gopp timely appealed, assigning three assignments of error for our review. To facilitate review, we will consider Mr. Gopp's assignments of error together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S CONSTITUTIONAL AND STATUTORY RIGHTS BY FAILING AND REFUSING TO VACATE THE ILLEGAL AND VOID SENTENCES AND JUDGMENT.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S CONSTITUTIONAL AND STATE-LAW RIGHTS BY FAILING AND REFUSING TO VACATE THE ILLEGAL AND VOID JUDGMENT AND GUILTY PLEAS.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S CONSTITUTIONAL AND STATUTORY RIGHTS BY IGNORING THE MANDATORY STATUTORY REQUIREMENTS OF R.C. 2941.25 AND IMPOSING TWO PUNISHMENTS FOR A SINGLE OFFENSE.

{¶4} In his first assignment of error, Mr. Gopp argues that the trial court erred by failing to vacate his illegal and void sentence. Specifically, he argues that his sentence is void because the trial court failed to inform him that his prison terms were mandatory and not subject to reduction. Mr. Gopp further argues that, because his sentence is contained in two separate

documents (his original sentence and a later sentence addressing post-release control), the trial court's judgment is not final, and this Court must remand the matter for resentencing.

{¶5}    In his second assignment of error, Mr. Gopp argues that his guilty plea is illegal and void because the trial court failed to adhere to Criminal Rule 11 when it did not inform him that his prison terms would be mandatory and not subject to reduction.  Lastly, in his third assignment of error, Mr. Gopp argues that the trial court committed plain error by imposing two sentences for the same conduct, which violated his constitutional right against double jeopardy, and his rights under Revised Code Section 2941.25.

{¶6}    In response to Mr. Gopp's arguments, the State correctly argues that Mr. Gopp's motion constituted an untimely petition for post-conviction relief.  The Ohio Supreme Court has held that a vaguely titled motion, including a motion to correct or vacate a sentence, may be construed as a petition for post-conviction relief under Section 2953.21(A)(1) when it: (1) is filed subsequent to a direct appeal; (2) claims a denial of constitutional rights; (3) seeks to render the judgment void; and (4) asks for a vacation of the judgment and sentence.  *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997).  Mr. Gopp's motion meets all four requirements: (1) it was filed subsequent to his direct appeal, which he filed in 2003; (2) he claimed a denial of his constitutional rights; (3) he sought to render the judgment void; and (4) he moved the trial court to vacate the judgment and sentence.  Further, we note that Mr. Gopp previously filed a motion with the trial court that, on appeal, this Court construed as an untimely petition for post-conviction relief.  *See State v. Gopp*, 9th Dist. Wayne No. 06CA0034, 2006-Ohio-5477, ¶ 6.

{¶7}    Regarding the timeliness of his motion, Section 2953.21(A)(2) provides that, when a direct appeal is taken, a petition for post-conviction for relief shall be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of

appeals in the direct appeal of the judgment of conviction[.]" Here, Mr. Gopp filed his petition more than ten years after his direct appeal. Under Section 2953.23(A)(1), a court has no jurisdiction to hear an untimely or successive petition for post-conviction relief, unless both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

**{¶8}** Mr. Gopp, however, has not established that these sections apply. The trial court, therefore, lacked jurisdiction to entertain his untimely and successive petition for post-conviction relief. Accordingly, Mr. Gopp's assignments of error are overruled.

III.

**{¶9}** Mr. Gopp's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

CLAYTON GOPP, pro se, Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.