OPINION *Page 2 
{¶ 1} On August 8, 1997, the Delaware County Grand Jury indicted appellant, Christopher Comerford, on one count of attempted rape in violation of R.C. 2907.02/R.C. 2923.02, two counts of attempted murder in violation of R.C. 2903.02/R.C. 2923.02 and two counts of felonious assault in violation of R.C. 2903.11. On October 31, 1997, appellant pled guilty to one count of attempted murder and one count of attempted felonious assault. The remaining counts were dismissed. By judgment entry filed December 15, 1997, the trial court sentenced appellant to ten years on the attempted murder count and five years on the attempted felonious assault count, to be served consecutively.
 {¶ 2} Appellant appealed the imposition of the maximum prison term. This court affirmed appellant's sentence. See, State. v. Comersford(sic) (June 3, 1999), Delaware App. No. 98CAA01004.
 {¶ 3} On April 21, 2006, appellant filed a petition for postconviction relief, challenging his sentence under State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. By judgment entry filed August 21, 2006, the trial court denied appellant's petition.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "DEFENDANT WAS SENTENCED UNCONSTITUTIONAL WHEN HIS SENTENCE WAS ENHANCED BY FACTS FOUND BY A JUDGE BY A PREPONDERANCE OF EVIDENCE, AND SHOULD HAVE BEEN GRANTED POST-CONVICTION RELIEF." *Page 3 
 II {¶ 6} "THE DENIAL OF DEFENDANT'S CONSTITUTIONAL RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS REPRESENTS 'PLAIN ERROR' AND SHOULD BE RECOGNIZED BY THE COURT AS SUCH."
 I, II {¶ 7} Appellant claims his sentence violates the dictates of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We disagree.
 {¶ 8} Appellant challenged his sentence in his direct appeal. This court upheld his sentence. See, State. v. Comersford (sic) (June 3, 1999), Delaware App. No. 98CAA01004. Appellant now challenges his sentence pursuant to Foster via the trial court's denial of his petition for postconviction relief. Because the case sub judice is an appeal from a petition for postconviction relief, it is not subject to the resentencing remand of Foster:
 {¶ 9} "As the Supreme Court mandated in Booker, we must apply this holding to all cases on direct review. Booker, 543 U.S. at 268,125 S.Ct. 738, 160 L.Ed.2d 621, quoting Griffith v. Kentucky,479 U.S. at 328, 107 S.Ct. 708, 93 L.Ed.2d 649. ('A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases * * * pending on direct review or not yet final')." Foster, at ¶ 106.
 {¶ 10} Upon review, we find the trial court did not err in denying appellant's petition for postconviction relief. *Page 4 
 {¶ 11} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. *Page 1