OPINION *Page 2 
{¶ 1} On April 7, 2005, the Richland County Grand Jury indicted appellant, Matthew Stein, on one count of felonious assault in violation of R.C. 2903.11 and one count of child endangering in violation of R.C.2929.22. Said charges arose from an incident involving appellant and his infant son, Aiden, who suffered a serious brain injury.
 {¶ 2} A jury trial commenced on August 25, 2005. The jury found appellant guilty as charged. By sentencing entry filed September 13, 2005, the trial court sentenced appellant to eight years in prison on the felonious assault count, and did not sentence him on the child endangering count as said charge was an allied offense of similar import.
 {¶ 3} Appellant filed an appeal arguing ineffective assistance of counsel involving issues unrelated to sentencing. This court affirmed appellant's conviction. See, State v. Stein, Richland App. No. 05CA103,2007-Ohio-1153.
 {¶ 4} On December 3, 2007, appellant filed a pro se motion for relief from judgment under Civ.R. 60(B)(4), arguing sentencing errors. By order filed February 13, 2008, the trial court recast the motion as a motion for postconviction relief and denied the motion.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED RELIEF FROM JUDGMENT WHICH WAS PROPERLY BEFORE IT." *Page 3 
 II {¶ 7} "THE TRIAL COURT DENIED FUNDAMENTAL DUE PROCESS OF THE LAW WHEN CONVERTING PRO SE PLEADINGS TO POSTCONVICTION RELIEF STANDARD."
 I, II {¶ 8} Appellant's two assignments of error challenge the trial court's decision to deny his motion styled as a Civ.R. 60(B) motion, and to recast the motion as a motion for postconviction relief pursuant to R.C.2953.21. Because both assignments address the same issues, we will consider them jointly. For the following reasons, we disagree with appellant's position and affirm the trial court's decision.
 {¶ 9} Appellant styled his December 3, 2007 pro se motion as "Motion for Relief from Judgment, Civ.R. 60(B)(4)," invoking the rules of civil procedure. We note appellant's case is a criminal case, and there is no such parallel rule available in the rules of criminal procedure save for the language in Crim.R. 57(B) which states, "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."
 {¶ 10} In State v. Schlee, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12, the Supreme court of Ohio held trial courts may recast an irregular motion into its appropriate category:
 {¶ 11} "Schlee's Civ.R. 60(B) motion was labeled a `Motion For Relief From Judgment.' Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged. State v. Bush, *Page 4 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, citing State v.Reynolds (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131. InReynolds, we concluded that a motion styled `Motion to Correct or Vacate Sentence' met the definition of a petition for postconviction relief pursuant to R.C. 2953.21(A)(1), because it was `(1) filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence.' Id. at 160, 679 N.E.2d 1131. The Civ.R. 60(B) motion filed by Schlee was filed subsequent to his direct appeal, claimed a denial of constitutional rights, and sought reversal of the judgment rendered against him. We conclude, therefore, that the Civ.R. 60(B) motion filed by Schlee could have been filed as a petition for postconviction relief. Thus, it is not necessary to look to the Civil Rules or other applicable law for guidance in the way Crim.R. 57(B) intends, because a procedure `specifically prescribed by rule' exists, i.e., Crim.R. 35."
 {¶ 12} We find this case qualifies under the Schlee standard. In his motion, appellant argued violations of his constitutional rights pertaining to sentencing under State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, Blakely v. Washington (2004), 542 U.S. 296, andApprendi v. New Jersey (2000), 350 U.S. 466. Appellant argued his sentence was void and his conviction and sentence should be vacated. We conclude the relief requested and the basis for the relief fit within the statutory definition of a motion for postconviction relief:
 {¶ 13} "Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution *Page 5 
or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21(A)(1)(a).
 {¶ 14} R.C. 2953.21 (A)(2) provides for time limitations and states the following:
 {¶ 15} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court."
 {¶ 16} Pursuant to said statute, we find the statutory time period for appellant's motion for postconviction relief had expired. In addition, appellant has not shown any reason for the untimely filing under R.C.2953.23(A).
 {¶ 17} Furthermore, a Foster claim is prospective only, and does not apply to collateral attacks such as petitions for postconviction relief. See, State v. Clark, Delaware App. No. 05CAA05025, 2006-Ohio-1755;State v. Tapp, Delaware App. No. 07CAA010003; State v. Comerford, Delaware App. No. 06CAA090061, 2007-Ohio-1078; State v. Pryor, Fairfield App. No. 06 CA 28, 2006-Ohio-6724.
 {¶ 18} Also, appellant's arguments about his sentence were available on direct appeal. Foster was decided on February 27, 2006. While appellant was sentenced on September 13, 2005, prior to Foster, his appeal was decided after on March 14, 2007. See, State v. Stein, Richland App. No. 05CA103, 2007-Ohio-1153. Therefore, *Page 6 
appellant's arguments are barred under the doctrine of res judicata. As stated by the Supreme Court of Ohio in State v. Perry (1967),10 Ohio St.2d 175, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief. ThePerry court explained the doctrine at 180-181 as follows:
 {¶ 19} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."
 {¶ 20} Upon review, we find the trial court properly recast appellant's pro se motion as a motion for postconviction relief, and did not err in denying said motion.
 {¶ 21} Assignments of Error I and II are denied.
 {¶ 22} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By Farmer, J. Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. *Page 1