OPINION *Page 2 
{¶ 1} On December 17, 2004, the Licking County Grand Jury indicted appellant, Charles Russell, on two counts of possession of cocaine (crack and powder) in violation of R.C. 2925.11 (Case No. 04CR628). On July 1, 2005, appellant was indicted on one count of trafficking in crack cocaine in violation of R.C. 2925.03 (Case No. 05CR316).
 {¶ 2} On May 10, 2006, appellant pled guilty as charged. By judgment entries filed June 7, 2006, the trial court sentenced appellant to an aggregate term of three years in prison in Case No. 04CR628, and one year in prison in Case No. 05CR316. The one year sentence was to be served consecutively to the three year sentence.
 {¶ 3} On January 15, 2008, appellant filed a pro se motion to vacate sentence for resentencing. By judgment entry filed February 20, 2008, the trial court denied the motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED BY ENHANCING DEFENDANT-APPELLANT'S SENTENCE OVER THE PRESUMPTIVE MINIMUM WITHOUT SUBMITTING THE JUDICIAL FACTFINDINGS TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMISSION FROM DEFENDANT-APPELLANT."
 II {¶ 6} "THE TRIAL COURT ERRED BY IMPOSING A CONSECUTIVE SENTENCE UPON DEFENDANT-APPELLANT WITHOUT SUBMITTING THE *Page 3 
JUDICIAL FACTFINDINGS TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMISSION FROM DEFENDANT-APPELLANT."
 III {¶ 7} "THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION TO VACATE OR SET ASIDE JUDGMENT OF SENTENCE FOR RESENTENCING UNDER THE STATE V. FOSTER, — — OHIO ST.3D, 2006-OHIO-856 AT 105-106 MANDATE, QUOTING RING V. ARIZONA, 536 U.S. 584 (2002)."
 I, II, III {¶ 8} In these assignments of error, appellant challenges his sentence and the trial court's denial of his motion to vacate sentence for resentencing filed on January 15, 2008.
 {¶ 9} Appellant filed his pro se motion pursuant to Civ. R. 60(B) via Crim. R. 57(B) which states, "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."
 {¶ 10} In State v. Schlee, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 11, the Supreme Court of Ohio reviewed a similar filing and held the following:
 {¶ 11} "We must now consider whether Schlee properly resorted to Civ. R. 60(B) in this case, that is, whether the absence of an applicable Criminal Rule justified invoking a Civil Rule in its place. The state contends, and we agree, that Crim. R. 35, which sets forth the procedure by which criminal defendants can file petitions for *Page 4 
postconviction relief, was available to Schlee and serves the same purpose as the Civ. R. 60(B) motion he filed."
 {¶ 12} The Schlee court at syllabus held a motion for relief from judgment may be treated as a petition for postconviction relief when the motion has been unambiguously presented as a Civ. R. 60(B) motion." TheSchlee court explained the following at ¶ 12:
 {¶ 13} "Schlee's Civ. R. 60(B) motion was labeled a `Motion For Relief From Judgment.' Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged. State v. Bush, 96 Ohio St.3d 235,2002-Ohio-3993, 773 N.E.2d 522, citing State v. Reynolds (1997),79 Ohio St.3d 158, 679 N.E.2d 1131. In Reynolds, we concluded that a motion styled `Motion to Correct or Vacate Sentence' met the definition of a petition for postconviction relief pursuant to R.C. 2953.21(A)(1), because it was `(1) filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence.' Id. at 160, 679 N.E.2d 1131. The Civ. R. 60(B) motion filed by Schlee was filed subsequent to his direct appeal, claimed a denial of constitutional rights, and sought reversal of the judgment rendered against him. We conclude, therefore, that the Civ. R. 60(B) motion filed by Schlee could have been filed as a petition for postconviction relief. Thus, it is not necessary to look to the Civil Rules or other applicable law for guidance in the way Crim. R. 57(B) intends, because a procedure `specifically prescribed by rule' exists, i.e., Crim. R. 35."
 {¶ 14} We find this case qualifies under the Schlee standard. In his motion, appellant argued violations of his constitutional rights pertaining to sentencing under *Page 5 Blakely v. Washington (2004), 542 U.S. 296, and State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Appellant sought resentencing because his sentence violated the ex post facto clause and denied him due process under the United States and Ohio Constitutions. We conclude the relief requested and the basis for the relief fit within the statutory definition of a motion for postconviction relief:
 {¶ 15} "Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States,***may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21(A)(1)(a).
 {¶ 16} R.C. 2953.21 (A)(2) provides for time limitations and states the following:
 {¶ 17} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court."
 {¶ 18} Pursuant to said statute, we find the statutory time period for appellant's motion for postconviction relief had expired. In addition, appellant has not shown any reason for the untimely filing under R.C. 2953.23(A). *Page 6 
 {¶ 19} Furthermore, a Foster claim is prospective only, and does not apply to collateral attacks such as petitions for postconviction relief. See, State v. Clark, Delaware App. No. 05CAA05025, 2006-Ohio-1755;State v. Tapp, Delaware App. No. 07CAA010003; State v. Comerford, Delaware App. No. 06CAA090061, 2007-Ohio-1078; State v. Pryor, Fairfield App. No. 06 CA 28, 2006-Ohio-6724.
 {¶ 20} Also, appellant's arguments about his sentence were available on direct appeal. Foster was decided on February 27, 2006. Appellant was sentenced on June 7, 2006, after Foster. He failed to file a direct appeal. Therefore, appellant's arguments are barred under the doctrine of res judicata. As stated by the Supreme Court of Ohio in State v.Perry (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief. The Perry court explained the doctrine at 180-181 as follows:
 {¶ 21} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."
 {¶ 22} Upon review, we find the trial court did not err in denying appellant's motion to vacate sentence for resentencing.
 {¶ 23} Assignments of Error I, II, and III are denied. *Page 7 
 {¶ 24} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 Farmer, P.J., Edwards, J. and Delaney, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. *Page 1