[Cite as *State v. Johnson*, 2026-Ohio-798.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025-CA-0099 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Richland County, |
| CHARLES A. JOHNSON, | Case No. 2015-CR-0432 |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment: March 6, 2026 |

BEFORE: Andrew J. King; Robert G. Montgomery; David M. Gormley, Judges

APPEARANCES: Jodie M. Schumacher (Richland County Prosecuting Attorney) & Michelle A. Fink (Assistant Prosecuting Attorney), Mansfield, Ohio, for Plaintiff-Appellee; Charles A. Johnson, Marion, Ohio, briefed the case on his own behalf as Defendant-Appellant.

*Gormley, J.*

{¶1}  Defendant Charles Johnson appeals from a trial-court decision denying his motion for resentencing.  We affirm.

**The Key Facts**

{¶2}  More than a decade ago, a jury found Johnson guilty on charges of felonious assault and aggravated burglary, and the trial judge then sentenced Johnson in 2015 to consecutive prison terms of eight years and six years on the two charges. Represented by new counsel in his direct appeal, Johnson argued only that his trial counsel had been ineffective.  We overruled that assignment of error and affirmed the judgment in *State v. Johnson*, 2016-Ohio-3000 (5th Dist.).

{¶3}     Since then, Johnson has filed a flurry of motions in the trial court challenging various aspects of his sentence and generating a storm of appeals here too.

{¶4}     In his most recent filing in the trial court, Johnson asked in October 2025 that the trial court resentence him, arguing — for the first time — that the trial court failed to conduct a mandatory allied-offenses analysis under R.C. 2941.25.   The trial court denied that motion in November 2025, construing it as an untimely petition for post-conviction relief.   Johnson now appeals.

## Johnson's Claim is Barred

{¶5}     We need not resolve whether the trial court properly characterized Johnson's motion as a petition for post-conviction relief under R.C. 2953.21 or whether instead Johnson's claim is better understood as a request that the trial court correct a void judgment.  In either case, Johnson's claim fails under the doctrine of claim preclusion.

{¶6}     The kind of post-conviction argument that Johnson presented in his trial-court motion last year — a claim that his felonious-assault and aggravated-burglary convictions should have been merged at sentencing and that this purported oversight by the trial court should be corrected so that he can be resentenced solely on one charge or the other — is one that Johnson could have raised in his direct appeal.   He therefore cannot raise it now.  See *State v. Hayes*, 2025-Ohio-121, ¶ 29 (5th Dist.) ("we note each claim contained in the petition could have been raised in a direct appeal," so those claims "were therefore barred" by the claim-preclusion doctrine); *State v. Lindsay*, 2021-Ohio-4526, ¶ 36 (5th Dist.) (explaining that the claim-preclusion doctrine "prohibits a defendant from 're-packaging' evidence or issues that either were, or could have been, raised in the context of the petitioner's trial or direct appeal"); *State v. Russell*, 2008-Ohio-6710, ¶ 20

(5th Dist.) ("appellant's arguments about his sentence were available on direct appeal," so they "are barred" by the doctrine of claim preclusion).

{¶7}  Any suggestion by Johnson that his sentence was void and that the claim-preclusion doctrine should therefore not stand as a bar to his tardy merger-related argument fares no better.  See *State v. Jones*, 2013-Ohio-3710, ¶ 7 (9th Dist.) ("a trial court's failure to merge allied offenses does not result in a void sentence").

{¶8}  Johnson's argument that his crimes should have been merged at sentencing could — and therefore should — have been raised, if at all, in his direct appeal. The trial court rightly found that he cannot raise the claim now.

{¶9}  For these reasons, the judgment of the Court of Common Pleas of Richland County is affirmed.  Costs are to be paid by Appellant Charles Johnson.

By: Gormley, J.;

King, P.J. and

Montgomery, J. concur.