OPINION *Page 2 
{¶ 1} Defendant Monty S. Hare appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, which denied his petition for post-conviction relief, finding it was res judicata. Appellant assigns two errors to the trial court:
 {¶ 2} "I. DEFENDANT WAS SENTENCED UNCONSTITUTIONALLY WHEN HIS SENTENCE WAS ENHANCED BY FACTS FOUND BY A JUDGE BY A PREPONDERANCE OF EVIDENCE, AND SHOULD HAVE BEEN GRANTED POST-CONVICTION RELIEF.
 {¶ 3} "II. THE TRIAL COURT ERRED WHEN IT BARRED DEFENDANTS PETITION FOR POST-CONVICTION RELIEF UNDER THE DOCTRINE OF RES JUDICATA."
 {¶ 4} The record indicates appellant was convicted on two counts of kidnapping, and one count each of domestic violence, theft, receiving stolen property, burglary, aggravated menacing, and abduction. Appellant was sentenced on May 13, 2005, and filed his notice of appeal on June 13, 2005. On October 3, 2005, while his direct appeal was pending, appellant filed a petition to vacate his sentence. On February 21, 2006, the trial court denied the petition.
 {¶ 5} On February 27, 2006, the Ohio Supreme Court announced its opinion in State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856,845 N.E.2d 470. In Foster, the Ohio Supreme Court found certain portions of Ohio's sentencing statutes are unconstitutional, and severed those portions from Ohio's sentencing structure.
 {¶ 6} On July 12, 2006, appellant filed his petition for post-conviction relief. Fifteen days later, on July 27, 2006, this court announced its opinion in appellant's *Page 3 
direct appeal, State v. Hare, Delaware App. No. 05CAA06038,2006-Ohio-3926. In this opinion, we affirmed appellant's convictions, but reversed his sentence, citing Foster, supra. We remanded the matter to the Common Pleas Court for re-sentencing.
 {¶ 7} On August 15, 2006, the trial court re-sentenced appellant, and also denied his petition for post-conviction relief. On October 20, 2006, the trial court made findings of fact and conclusions of law, finding appellant's petition is barred by the principles of res judicata because this court had already ruled on the issues appellant raised. The court further found appellant had been re-sentenced after he filed his petition for post conviction relief from the original sentence.
 {¶ 8} The trial court properly cited State v. Perry (1967),10 Ohio St. 2d 175, 226 N.E. 2d 104. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment." Id., syllabus by the court, paragraph 9.
 {¶ 9} Upon review, we find the issues appellant raises are precisely the issues upon which this court reversed his first sentence. We conclude the trial court was correct in holding appellant's petition for post-conviction relief is barred by res judicata.
 {¶ 10} The second assignment of error is overruled, and the first assignment of error is moot. *Page 4 
 {¶ 11} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
 By Gwin, P.J., Hoffman, J., and Edwards, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs to appellant. *Page 1