[Cite as *State v. Champion*, 2012-Ohio-2537.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24782 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 1997-CR-1509 |
| v. | : | |
| | : | |
| BRUCE R. CHAMPION | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of June, 2012.

. . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. #0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

BRUCE R. CHAMPION, #354-713, London Correctional Institution, Post Office Box 69, London, Ohio 43140
    Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Bruce R. Champion appeals pro se from the trial court's decision, entry, and

order overruling his motion for resentencing to merge allied offenses of similar import.

{¶ 2} Champion advances three assignments of error on appeal. First, he contends the trial court erred in refusing to address the merits of his allied-offense argument and an argument about plain error. Second, he claims the trial court erred in failing to apply the plain-error doctrine. Third, he asserts that the trial court erred in failing to recognize that aggravated robbery and kidnapping are allied offenses of similar import.

{¶ 3} The record reflects that Champion was convicted and sentenced in March 1998 on two counts of aggravated robbery, two counts of kidnapping, one count of aggravated burglary, and firearm specifications. This court affirmed on direct appeal, rejecting, among other things, an allied-offense argument. *See State v. Champion*, 2d Dist. Montgomery No. 17176, 1999 WL 114973 (March 5, 1999). Champion then unsuccessfully sought post-conviction relief. This court again affirmed. *See State v. Champion*, 2d Dist. Montgomery No. 18394, 2001 WL 62388 (Jan. 26, 2001).

{¶ 4} On May 27, 2011, Champion filed a motion for resentencing. He argued that his aggravated robbery and kidnapping offenses were allied offenses of similar import under *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. Therefore, he claimed they were subject to merger at sentencing. The trial court overruled the motion, holding that *Johnson* has prospective application and does not apply to convictions like Champion's that became final long ago. The trial court also denied reconsideration.

{¶ 5} Although Champion raises three assignments of error on appeal, he acknowledges that they are related. The essence of his appellate argument is that the failure to merge his aggravated robbery and kidnapping   convictions as allied offenses of similar import

under *Johnson* constituted plain error. We reject this argument for at least two reasons.

**{¶ 6}** First, the trial court correctly held that *Johnson* has only prospective application. In *Johnson*, the Ohio Supreme Court announced a new test for determining when offenses are allied offenses of similar import that must be merged pursuant to R.C. 2941.25. In *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 11, this court rejected retroactive application of *Johnson* to a conviction that became final long ago. On the authority of *Parson*, we hold that the test set forth in *Johnson* has no applicability to Champion.

**{¶ 7}** Second, *Johnson* would provide Champion no relief even if it did apply retroactively. "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other." (Citation omitted.) *Johnson* at ¶ 48. "If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import." *Id.*

**{¶ 8}** "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' " (Citation omitted.) *Id.* at ¶ 49. "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." *Id.* at ¶ 50. "Conversely, if the court determines that the commission of one offense will never result in the commission of the other, *or if the offenses are committed separately, or if the defendant has a separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge*." (Emphasis added.) *Id.* at ¶ 51.

{¶ 9}     When resolving Champion's direct appeal in 1999, this court determined that his aggravated robbery and kidnapping offenses were not allied offenses of similar import because he exposed his victims "to a significantly greater risk of harm than was necessary for the accomplishment of the aggravated robbery offense." *Champion* at *4. This fact established the existence of a separate animus. *Id.* at *3-4; *see also State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), syllabus ("Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."); *State v. Gilbert*, 7th Dist. Mahoning No. 08 MA 206, 2012-Ohio-1165, ¶ 47 ("Separate animus also exists if the restraint or movement of the victim substantially increases the risk of harm to the victim."). Even under *Johnson*, the existence of a separate animus for each offense allows the imposition of separate sentences. *Johnson* at ¶ 51. Therefore, the new test articulated in *Johnson* does not help Champion.

{¶ 10}     Finally, we reject Champion's request to hold the present appeal in abeyance until the Ohio Supreme Court decides whether *Johnson* has retroactive application. Champion contends the United States District Court certified that state-law question to the Ohio Supreme Court in *Gaines v. Warden, Mansfield Correctional Inst.*, No. S.D.Ohio 1:07cv347, 2011 WL 2884913 (July 18, 2011). We decline to hold the present appeal in abeyance for three reasons. First, it is not clear that the question certified by the federal district court would address retroactive application of *Johnson*.[1] Second, the Ohio Supreme Court's on-line docket does

---

[1] In *Gaines*, the federal district court stated that it would certify the following state-law question to the Ohio Supreme Court:

Whether in this case, which involved a single automobile accident resulting in the death of one victim, Ohio

not indicate that the certified question has been accepted for review. Third, even if the Ohio Supreme Court were to hold that *Johnson* has retroactive application, that holding would not help Champion for the reason set forth above.

{¶ 11} Champion's assignments of error are overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.

Copies mailed to:

Mathias H. Heck
Kirsten A. Brandt
Bruce R. Champion
Hon. Michael Tucker

---

Rev.Code §2941.25 could be construed at the time of petitioner's conviction and direct appeal in 2005 as permitting a "strict textual comparison" of the elements and a finding, in accordance with the First District Court of Appeals' later decision in *State v. Hundley*, No. C-060374, 2007 WL 2019804, at *2-3 (Ohio Ct.App. 1 Dist. July 13, 2007) (unpublished), appeal dismissed, 116 Ohio St.3d 1441, 877 N.E.2d 991 (Ohio 2007), that the two aggravated vehicular homicide charges brought against petitioner under Ohio Rev.Code §§2903.06(A)(1)(a) and 2903.06(A)(2) are dissimilar when compared in the abstract; or whether, conversely, at the time of petitioner's conviction and direct appeal in 2005, the proper construction of Ohio Rev.Code §2941.25 required a finding that the two offense[s] are of similar import in accordance with the subsequent clarification in *Cabrales* of the *Rance* "abstract elements comparison test," as well as *State v. Palmer*, 120 Ohio St.3d 322, 898 N.E.2d 960 (Ohio 2008), and the First District Court of Appeals' decision in *State v. Moore*, No. C-70421, 2008 WL 3544342 (Ohio Ct.App. 1 Dist. Aug. 15, 2008) (unpublished), appeal dismissed, 120 Ohio St.3d 1490, 900 N.E.2d 200 (Ohio 2009), overruling *Hundley*.

*Gaines* at *9.