[Cite as *State v. Hare*, 2013-Ohio-3102.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 13 CAA 01 0008 |
| MONTY SCOTT HARE | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware County Court of Common Pleas, Case No. 05 CR I 01 0047 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 15, 2013 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| CAROL HAMILTON O'BRIEN<br>BRIAN J. WALTER<br>Assistant Prosecuting Attorney<br>Delaware County Prosecutor's Office<br>140 North Sandusky Street<br>Delaware, Ohio 43015 | KATHERINE A. SZUDY<br>Assistant State Public Defender<br>250 East Broad Street, Suite 1400<br>Columbus, Ohio 43215 |

*Hoffman, P.J.*

{¶1}  Defendant-appellant Monty Scott Hare appeals the judgment entered by the Delaware County Court of Common Pleas denying his motion for an allied-offense analysis.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2}  Appellant was convicted on two counts of kidnapping, and one count each of domestic violence, theft, receiving stolen property, burglary, aggravated menacing, and abduction. Appellant filed a notice of appeal with this court. While his direct appeal was pending, Appellant also filed with the trial court a petition for post-conviction relief.

{¶3}  On July 27, 2006, this court announced its opinion in Appellant's direct appeal, *State v. Hare,* 5th Dist. No. 05CAA06038, 2006-Ohio-3926. In that opinion, we affirmed Appellant's convictions, but reversed his sentence, citing *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. We remanded the matter to the trial court for re-sentencing.

{¶4}  Appellant was re-sentenced by the trial court on August 14, 2006. As memorialized by the judgment entry filed on August 15, 2006, Appellant was sentenced to a total of twelve years in prison. The trial court also found Appellant was able to work and ordered Appellant to pay "all prosecution costs, court-appointment counsel costs and any fees permitted pursuant to R .C. 2929.18(A)(4), for which, all sums judgment is hereby rendered." Judgment Entry, August 15, 2006.

{¶5}  The trial court also denied Appellant's petition for post-conviction relief. On October 20, 2006, the trial court made findings of fact and conclusions of law, finding

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

Appellant's petition was barred by the principles of res judicata because this court had already ruled on the issues Appellant raised.

{¶6} Appellant filed an affidavit of indigency with the trial court on November 20, 2006. Appellant filed an appeal of the trial court's decision to deny his petition for post-conviction relief. We affirmed the trial court's decision in *State v. Hare,* 5th Dist. No. 06-CAA-11-0088, 2007-Ohio-2802.

{¶7} On January 4, 2008, Appellant filed a motion for writ of coram vobis with the trial court to prohibit the Clerk of Courts from assessing or collecting court costs in his underlying criminal case (Case No. 05CR-I-01-0047) and the appeal of the denial of his petition for post-conviction relief (Case No. 06-CAA-11-0088). The trial court denied his motion, finding the trial court was permitted to assess costs and the Clerk of Courts could attempt to collect those costs from an indigent defendant. Judgment Entry, Jan. 22, 2008.

{¶8} Appellant filed a notice of appeal of the decision and affidavit of indigency on February 28, 2008. This court dismissed Appellant's appeal on March 18, 2008 for being untimely filed. Appellant filed a motion for leave to file a delayed appeal. We granted Appellant's motion on April 18, 2008.  On June 25, 2008, we affirmed the trial court's denial of the motion in *State v. Hare,* 5th Dist. No. 08-CAA-02-0005, 2008-Ohio-3127.

{¶9} On December 13, 2012, Appellant filed a motion requesting the trial court conduct an allied-offense analysis as to Appellant's burglary and kidnapping convictions.  Appellant maintains since his conviction, Ohio's case law regarding allied

offenses has changed, citing *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314. Via Judgment Entry of January 9, 2013, the trial court denied the motion.

{¶10} Appellant now appeals assigning as error:

{¶11} "I. THE TRIAL COURT ERRED WHEN IT OVERRULED MONTY HARE'S DECEMBER 13, 2012 MOTION REQUESTING THAT THE DELAWARE COUNTY COURT OF COMMON PLEAS CONDUCT AN ALLIED-OFFENSE ANALYSIS AS TO MR. HARE'S BURGLARY AND KIDNAPPING CONVICTIONS."

{¶12} Appellant's conviction and sentence were final on June 25, 2008. The Ohio Supreme Court's holding in *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, does not apply retroactively. See, *State v. Holliday*, 5th Dist. No. 11CAA110104, 2012-Ohio-2376; *State v. Hickman*, 5th Dist. 11CA54, 2012-Ohio-2182, citing *State v. Parson,* 2nd Dist. 24641, 2012–Ohio–730.

{¶13} A new judicial ruling may be applied only to cases pending on the announcement date. *State v. Parson,* 2nd Dist. No. 24641, 2012–Ohio–730. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies. *Ali v. State,* 104 Ohio St.3d 328, 2004–Ohio–6592.

{¶14} Accordingly, we find Appellant's arguments are barred by res judicata as they were capable of being raised on direct appeal, and his reliance on *Johnson* is misplaced as his conviction and sentence were already final prior to the date the Supreme Court pronounced its holding therein.

{¶15} Appellant's sole assignment of error is overruled.

{¶16}  The judgment of the Delaware Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY


_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MONTY SCOTT HARE | : | |
| | : | |
| Defendant-Appellant | : | Case No. 13 CAA 01 0008 |

For the reason stated in our accompanying Opinion, the judgment of the

Delaware Court of Common Pleas is affirmed.  Costs to Appellant.


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY


_____
HON. CRAIG R. BALDWIN