[Cite as *State v. Kirklin*, 2014-Ohio-4301.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0085** |
| DELMAR V. KIRKLIN, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 1988 CR 0182 A.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266 (For Plaintiff-Appellee).

*Delmar V. Kirklin*, pro se, PID: A201478, Marion Correctional Institution, P.O. Box 57, Marion, OH  43302 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}   This appeal is from the Portage County Court of Common Pleas. Appellant Delmar V. Kirklin appeals the trial court's denial of his motion to vacate sentence.  According to Kirklin, the test in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6341, which determines whether multiple offenses are allied offenses of similar import, should *retroactively* apply to his sentence and his sentence violates *Johnson*. For the following reasons, we affirm.

{¶2} This court recently issued a judgment concerning whether appellant's conviction and sentence constituted a final appealable order. *State v. Kirklin,* 11th Dist. Portage No. 2013-P-0055, 2013-Ohio-5840. We summarized the facts of the case as follows:

{¶3} "In 1989 Kirklin was indicted on one count of aggravated murder, a capital offense, with three aggravating specifications; one count of kidnapping; and one count of rape. The kidnapping and rape counts each came with specifications for possession of a firearm and previous conviction of an aggravated felony. Later that year, Kirklin accepted a plea deal in front of a single judge. The terms of the plea deal, which were accepted by the trial court, had Kirklin sentenced to life with parole eligibility after 20 years for aggravated murder; a consecutive term of 3 years of actual incarceration on the gun specification; and a consecutive term of 5 to 25 years on the kidnapping count. In exchange, the state would among other things, not seek the death penalty. Kirklin did not pursue a direct appeal." *Id.* at ¶2.

{¶4} As his sole assignment of error, Kirklin asserts:

{¶5} "The trial court erred when they (sic) denied the Appellant's Motion to Vacate or Set Aside Illegal and Improper Sentence in Violation of §2941.25 and in violation of Appellant's Fifth Amendment Right not to be subjected to Double Jeopardy."

{¶6} Despite Kirklin's captioning of his brief as a motion to vacate, we will treat it as a petition for post-conviction relief. In *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997), the Ohio Supreme Court stated that a motion to vacate a sentence will be treated as a petition for post-conviction relief if the motion "(1) was filed subsequent to

2

[the petitioner's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." Kirklin's motion meets all of the criteria: his time to appeal has expired and he seeks a new sentence because of an alleged violation of the Fifth Amendment.

{¶7} "[T]here is some uncertainty concerning the appropriate standard of review used by an appellate court when reviewing a trial court's decision to dismiss a petition for postconviction relief without an evidentiary hearing." *In re B.C.S.*, 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶9. However, an overwhelming number of Ohio appellate courts review denials of post-conviction petitions without a hearing for an abuse of discretion. *State v. Hicks*, 4th Dist. Highland No. 09CA15, 2010-Ohio-89, ¶10 (collecting cases). This court has adopted the abuse of discretion standard in evaluating post-conviction relief petitions that are brought pursuant to R.C. 2953.21. *State v. Theisler*, 11th Dist. Trumbull No. 2009-T-0003, 2009-Ohio-6862, ¶31. The term "abuse of discretion" is one of art, "connoting judgment exercised by a court, which neither comports with reason, nor the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30. When an appellate court is reviewing a pure issue of law, "the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶67.

{¶8} A trial court may not entertain untimely petitions for post conviction relief. R.C. 2953.23(A). When no appeal is taken, as in this case, "the petition shall be filed

3

no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(1)(c)(2). Because the trial court accepted Kirklin's plea in 1989, the window to file a timely post-conviction petition passed twenty plus years ago.

{¶9} R.C. 2953.23 provides two exceptions to the 180-day window. The first exception requires a showing that the petitioner was (1) "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief" or that "the United States Supreme Court recognized a new federal or state right that applies *retroactively* to persons in the petitioner's situation, and the petition asserts a claim based on that right[,]" and (2) "[t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1). (Emphasis added.) The other exception allows for post-conviction petitions asserting actual innocence based on DNA testing. R.C. 2953.23(A)(2).

{¶10} None of the exceptions apply. His petition is not based on DNA testing, and R.C. 2953.23 does not allow for untimely petitions premised upon the *Ohio Supreme Court's* recognition of a retroactive right. Even if we could entertain untimely petitions premised upon a retroactive right recognized by the Ohio Supreme Court, *Johnson* is not retroactive. *State v. Yee*, 6th Dist. Erie No. E-12-017, 2013-Ohio-5184, ¶12; *State v. Hare*, 5th Dist. Perry No. 13 CAA 01 0008, 2013-Ohio-3102, ¶12-14 *State v. Champion*, 2d Dist. Montgomery No. 24782, 2012-Ohio-2537, ¶6; *State v. Smith*, 3d Dist. Marion No. 9-11-36, 2012-Ohio-1891, ¶25. Therefore, no exception to the 180-day window applies to Kirklin, and the trial court could not entertain the petition.

4

{¶11} Consequently, the sole assignment of error is without merit. The trial court's judgment is affirmed.

DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.