[Cite as *State v. Massey*, 2019-Ohio-332.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


STATE OF OHIO,                          :        **O P I N I O N**

        Plaintiff-Appellee,             :
                                                 **CASE NO. 2018-L-038**
    - vs -                              :

GARY D. MASSEY,                         :

        Defendant-Appellant.            :


Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2014 CR 000344.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*G. Michael Goins,* 13609 Shaker Boulevard, Suite 3-A, Cleveland, OH 44120 (For Defendant-Appellant).


COLLEEN MARY O'TOOLE, J.

{¶1} Gary D. Massey appeals from the judgment of the Lake County Court of Common Pleas, denying his petition for postconviction relief. In 2014, Mr. Massey pleaded guilty to murdering his best friend, Timothy Martz. Presently, he asserts that trial counsel was ineffective in negotiating his plea deal. Finding no reversible error, we affirm.

{¶2} The following is from our decision in *State v. Massey*, 11th Dist. Lake No. 2016-L-030, 2017-Ohio-706, ¶2-6 ("*Massey I*"):

{¶3} "The following facts are taken from the DVD of Mr. Massey's interrogation by the Eastlake Police Department, May 5, 2014.

{¶4} "May 5, 2014, Mr. Massey was going to see his psychiatrist, Dr. Neil Steinberg. Mr. Massey suffers from bipolar disorder and depression, for which he takes Zoloft, Seroquel, and Lithium. He needed to refill his prescriptions. He contacted his friend, Timothy Martz, to go with him. The men got lost and returned to Mr. Martz' house in Eastlake, where they began drinking and using illicit drugs. Nobody else was present. This was about 10:00 a.m. About 11:00 a.m., the men got into an argument about going to see a mutual friend, 'Billy,' with whom Mr. Massey had an argument several months before. Mr. Martz rushed Mr. Massey, and began hitting him. Mr. Massey pulled a switch blade from his pocket, and stabbed Mr. Martz in or near the neck. Mr. Martz fell down, and Mr. Massey stomped on his neck several times. Mr. Massey noticed blood coming from Mr. Martz' mouth, and checked him for a pulse, finding none. Mr. Massey washed his hands, and left.

{¶5} "The DVD of the interrogation reveals that Mr. Massey had a good recall of the events resulting in Mr. Martz' death, but was otherwise confused. The interrogation commenced about 4:00 p.m., and Mr. Massey had already been booked. However, he had absolutely no recollection of what he did in the intervening hours. He knew he had told his wife what had happened, but did not know when or how. The officers' questions indicate Mrs. Massey drove him to the police station—but Mr. Massey did not know how he had arrived.

{¶6} "May 6, 2014, a complaint and summons charging Mr. Massey with murder in violation of R.C. 2903.02(A) was filed in the Willoughby Municipal Court. That same day, he entered a written plea of not guilty. Discovery practice ensued. August 1, 2014,

2

the Lake County Grand Jury returned an indictment charging Mr. Massey with murder in violation of R.C. 2903.02(B), an unclassified felony. August 13, 2014, a change of plea hearing was held, and Mr. Massey entered a written plea of guilty. The trial court advanced immediately to sentencing, imposing a term of imprisonment of 15 years to life.

{¶7}    "February 4, 2016, Mr. Massey moved the trial court to withdraw his guilty plea, essentially arguing ineffective assistance of counsel, and that he had been incompetent at the time of the plea. By a judgment entry filed March 7, 2016, the trial court denied the motion to withdraw. This appeal timely ensued * * *[.]" (Footnote omitted.)

{¶8}    We affirmed the trial court's denial of Mr. Massey's motion to withdraw his plea. *Massy I* at ¶1. Mr. Massey appealed to the Supreme Court of Ohio, which declined jurisdiction. *State v. Massey*, 150 Ohio St.3d 1410, 2017-Ohio-6964.

{¶9}    June 20, 2017, Mr. Massey filed a postconviction relief petition with the trial court, which struck it, due to the lack of a proper certificate of service. Mr. Massey appealed, and we dismissed the appeal, due to the lack of a final appealable order. We ordered the refiling of the petition, and the trial court denied the refiled petition February 14, 2018. This appeal timely ensued, Mr. Massey assigning two errors:

{¶10}    "1. The trial court abused its discretion when it denied petitioner-appellant's postconviction petition in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

{¶11}    "2. The trial court erred in denying petitioner-appellant's postconviction petition without an evidentiary hearing because appellant presented sufficient evidence that he was denied effective assistance of counsel and due process."

3

{¶12} Being interrelated, we analyze the assignments of error together. Mr. Massey essentially contends trial counsel was ineffective (1) because she failed to properly investigate his case; and (2) she bullied him into accepting the plea deal offered by the state (15 years to life).

{¶13} In *State v. Hessler,* 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶28-33, the court stated:

{¶14} "A petition for postconviction relief is a statutory vehicle designed to correct the violation of a defendant's constitutional rights. R.C. 2953.21 states in part:

{¶15} "'(A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.'

{¶16} "(* * *)

{¶17} "'(C) (* * *) Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court

4

reporter's transcript. (* * *)'

{¶18} "Although designed to address claimed constitutional violations, the postconviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun* (1999), 86 Ohio St.3d 279, 281, * * *; *State v. Steffen* (1994), 70 Ohio St.3d 399, 410, * * *. It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. *State v. Murphy* (2000), Franklin App. No. 00AP-233. A petition for postconviction relief thus does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *Id.,* citing *State v. Jackson* (1980), 64 Ohio St.2d 107, * * *.

{¶19} "To warrant a hearing, a petitioner must first provide evidence which demonstrates a cognizable claim of constitutional error. R.C. 2953.21(C). That evidence must demonstrate that the denial or infringement of the petitioner's rights renders the petitioner's conviction and sentence void, or voidable, under the Ohio and/or United States Constitutions. *State v. Perry* (1967), 10 Ohio St.2d 175, * * *, paragraph four of the syllabus. If the petitioner does not submit evidentiary materials which facially demonstrate such an error, the court may deny the petition without a hearing. *Murphy,* supra, citing *Jackson,* at 110, * * *. Before granting a hearing, the trial court must determine from the petition, the supporting affidavits, and the entire record of proceedings whether there are substantive grounds for relief. *State v. Lawson* (1995), 103 Ohio App.3d 307, 311, * * *"." (Parallel citations omitted.)

5

{¶20} We review a trial court's decision to deny a petition for postconviction relief without hearing for abuse of discretion. *State v. Noling*, 11th Dist. Portage No. 98-P-0049, 2003-Ohio-5008, ¶23. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶21} Initially, we must determine whether the subject petition was timely filed. R.C. 2953.21(A)(2) provides that petitions must generally be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *[.] In this case, the trial court found the petition untimely. Mr. Massey argues it was, since the transcript of his sentencing hearing was only filed in conjunction with the appeal in *Massey I* – well within the 365 day time limit. For support, he cites to the decision in *State v. Fuller*, 171 Ohio App.3d 260, 2007-Ohio-2018, ¶21 (1st Dist.), wherein the court held that the term "direct appeal," for purposes of the postconviction statutes, includes delayed appeals.

{¶22} We respectfully find *Fuller* inapplicable to this case. *Massey I* was not a direct appeal at all, but an appeal of the trial court's denial of Mr. Massey's motion to withdraw his plea. Thus, the time limit set forth at R.C. 2953.21(A)(2) applies, and this petition is untimely.

{¶23} Going to the merits of this appeal, Mr. Massey raises several arguments in support of his contention trial counsel was ineffective. He contends she did not fully

6

investigate his case.  However, in *Massey I*, Mr. Massey raised this same argument, and we found it without merit, noting the complete command of the case displayed by trial counsel in her speech in mitigation.  *Id.* at ¶13.

{¶24}  "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."  *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶25}  This argument is barred by res judicata.

{¶26}  Mr. Massey also contends trial counsel rushed him into the plea deal.  Mr. Massey raised this same complaint in *Massey I*, where we found it without merit.  It is barred by res judicata.

{¶27}  Mr. Massey also contends trial counsel told him he would receive a 30 year sentence if he did not agree to the plea deal offered.  He supports this contention with affidavits submitted by relatives.  Mr. Massey also raised this contention in *Massey I*, where we found it meritless.  *Id.* at ¶14-15.  It is barred by res judicata.

{¶28}  Mr. Massey also contends trial counsel was ineffective for failing to move to suppress his confession.  Again, he supports this with the affidavit testimony of relatives who accompanied him to the police station, testifying he was drunk, and incoherent with drugs.

{¶29}  We dealt with this issue, *inter alia*, in *Massey I*, where, we found Mr.

7

Massey, as revealed by the DVD of the interrogation, while upset, was coherent and had a good recall of the events resulting in Mr. Martz' murder. *Id.* at ¶4, 46. Failure to file a motion to suppress is not ineffective assistance, if there was little likelihood the motion would be granted. *State v. Kimble*, 11th Dist. Trumbull No. 2005-T-0086, 2006-Ohio-6863, ¶60. Further, this argument is barred by res judicata.

{¶30} Finally, Mr. Massey contends trial counsel was ineffective for failing to move the trial court for a mental evaluation. He notes that he suffers from severe mental and/or emotional problems, and argues he was not fit to enter his plea of guilty when he did so.

{¶31} Again, we dealt with this argument in *Massey I*. We observed that the learned and highly experienced trial court examined Mr. Massey very carefully as to his mental state before entering the plea. *Id.* at ¶16-46. We further observed that Mr. Massey "was in a clear state of mind when he entered his plea." *Id.* at ¶46. Consequently we find this argument without merit, as well as barred by res judicata.

{¶32} The assignments of error lack merit.

{¶33} The judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J., concurs in judgment with a Concurring Opinion.
DIANE V. GRENDELL, J., concurs in judgment only.

_____

8

TIMOTHY P. CANNON, J., concurring in judgment only.

{¶34} I respectfully concur in judgment only and write separately for the reasons that follow. The majority states that we review a trial court's decision to deny a petition for postconviction relief without a hearing for abuse of discretion. As was recently noted in *State v. Miller*, 11th Dist. Lake No. 2018-L-055, 2018-Ohio-5192, that is not always the case. In *Miller,* this court stated:

> In *State v. Gondor*, the Supreme Court of Ohio held that "a trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion[.]" 112 Ohio St.3d 377, 2006-Ohio-6679, ¶58; *see also State v. Martin*, 11th Dist. Trumbull No. 2017-T-0014, 2018-Ohio-3244, ¶20 (affirming the dismissal of a petition without a hearing).
>
> Since *Gondor*, there has been uncertainty among and within appellate districts regarding the appropriate standard of review when the trial court dismisses a petition for postconviction relief without a hearing. *See In re B.C.S.*, 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶9; *State v. Kirklin*, 11th Dist. Portage No. 2013-P-0085, 2014-Ohio-4301, ¶7, citing *State v. Hicks*, 4th Dist. Highland No. 09CA15, 2010-Ohio-89, ¶10 (collecting cases). However, in *Gondor* the Supreme Court made clear that in matters relating to postconviction relief, the trial court's decision should be given deference:
>
>> In postconviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing. In *State v. Calhoun* (1999), 86 Ohio St.3d 279, paragraph two of the syllabus, this court held that a trial court could dismiss a petition for postconviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief."
>>
>> This court reversed the judgment of the appellate court in *Calhoun,* holding that "the trial court *did not abuse its discretion* in dismissing the credibility of [the] affidavits," which served as the basis for his petition. (Emphasis added.) Id. at 286.
>>
>> We thus determined in *Calhoun* that the trial court's gatekeeping function in the postconviction relief process is

9

entitled to deference, including the court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the affidavits submitted. We established in *Calhoun* that a court reviewing the trial court's decision in regard to its gatekeeping function should apply an abuse-of-discretion standard. The consistent approach is to grant that same level of deference to the trial court in regard to its posthearing decision.

*Gondor*, *supra*, at ¶51-52.

"When, however, a trial court denies a petition by operation of law, e.g., by application of the doctrine of res judicata, this court's review is de novo." *State v. Butcher*, 11th Dist. Portage No. 2013-P-0090, 2014-Ohio-4302, ¶6, citing *Zamos v. Zamos*, 11th Dist. Portage No. 2008-P-0021, 2009-Ohio-1321, ¶14 and *State v. Prade*, 9th Dist. Summit No. 26775, 2014-Ohio-1035, ¶18 (procedural defects in a petition for postconviction relief, such as one that is barred by res judicata, is reviewed on appeal de novo).

*Id.* at ¶12-14.

{¶35} In this case, the trial court determined appellant was not entitled to a hearing because his petition was not timely filed and was barred by the doctrine of res judicata. Both of those determinations are legal conclusions, which should be reviewed de novo. I agree with both conclusions of the trial court. Thus, there is no further need to delve into "the merits of this appeal," as stated by the majority. *Supra* at ¶23.